# EXHIBIT A

## Class Action Complaint

# CIV-190716-CIV-DS1920423-CASEEN-091202



## Scanned Document Coversheet

System Code:    CIV
Case Number:   DS1920423
Case Type:      CIV
Action Code:    CASEEN
Action Date:    07/16/19
Action Time:     9:12
Action Seq:     0002
Printed by:      VSANC

THIS COVERSHEET IS FOR COURT PURPOSES ONLY, AND THIS IS NOT A PART OF THE OFFICIAL RECORD. YOU WILL NOT BE CHARGED FOR THIS PAGE

# Complaint and Party information entered



NEW FILE

Joshua H. Haffner, SBN 188652
jhh@haffnerlawyers.com
Graham G. Lambert, SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2625
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Attorneys for Plaintiff and all others similarly
situated

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 1 6 2019

BY _Victoria Sanchez_
VICTORIA SANCHEZ, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

JOSEPH TAPIA, an individual; on behalf of
himself and all others similarly situated,

Plaintiffs,

v.

CRST EXPEDITED, INC.; CRST
INTERNATIONAL, INC.; and DOES 1
through 10, inclusive,

Defendants.

Case No. **CIV DS 1 9 2 0 4 2 3**

**CLASS ACTION COMPLAINT FOR:**

(1) **FAILURE TO PROVIDE REST BREAKS;**
(2) **FAILURE TO PROVIDE MEAL BREAKS;**
(3) **FAILURE TO PAY MINIMUM WAGES;**
(4) **FAILURE TO PAY ALL WAGES UPON SEPARATION;**
(5) **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**
(6) **FAILURE TO REIMBURSE BUSINESS EXPENSES; AND**
(7) **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT ("UCL"), Bus. & Prof. Code § 17200 et seq.**

**BY FAX**

Plaintiff Joseph Tapia ("Plaintiff") brings this class and collective action against Defendant CRST Expedited, Inc., CRST International, Inc., and Does 1 through 10 ("Defendants"), and respectfully alleges the following:

## NATURE OF THE ACTION

1.     This is a California class action for wage and labor violations arising out of Defendants' failure to fully compensate its driver-trainees according to law. As alleged herein, Defendant is a national transportation company that employed Plaintiff and Class members as drivers, but failed to pay them for training and orientation, and only paid on a piece rate, per-mile basis for driving. This violates California law because, among other things, it fails to compensate for non-driving and rest break time. Defendant also violated Labor Code § 2802 by failing to reimburse for the cost of training, and instead charging Plaintiff and class members for such training. Plaintiff seeks to represent similarly situated drivers for unpaid wages and other labor violations, as alleged herein.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in the State of California, or at least one Defendant resides in the state of California. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court, and/or one or more Defendant resides within the venue of this court.

## PARTIES

3.     Plaintiff Joseph Tapia was, at all relevant times is, a citizen of the State of California, and resident in the County of San Bernardino, employed by Defendants as a trainee-driver during the liability period as alleged herein.

4.     Plaintiff is informed, believes, and thereon alleges that Defendant CRST Expedited, Inc. is a transportation company, with its headquarters in Iowa. Plaintiff is informed, believes, and thereon alleges that Defendant CRST International, Inc. is a transportation

**CLASS ACTION COMPLAINT**

company, with its headquarters in Iowa. Defendants CRST Expedited, Inc. and CRST International, Inc. are hereinafter referred to "CRST."

5.    Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

6.    Plaintiff is informed and believes and thereon alleges that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.    Defendants provide transportation and trucking services, and employs drivers in California and throughout the nation to drive for them. Plaintiff was employed by Defendants as a trainee-driver in California, in or about May-June 2019.

8.    Defendants have a multi-day training program for newly hired drivers. During the initial phases of the training, Plaintiff and other trainees receive driver training and/ orientation at CRST facilities and/or CRST designated facilities, including as to CRST's specific employment practices, documentation and procedures. Plaintiff and other trainees were not paid during this initial training.

9.      Plaintiff and similarly situated trainees begin to be paid once they start working as a driver actually delivering loads, and are initially paired with another, more experienced driver. Once they start being paid, Plaintiff and Class members are thereafter paid by Defendants on a per-mile basis.

10.     If driver trainees do not complete training, they are charged for "tuition" for Defendants' training, in the amount of several thousand dollars. Defendants do not reimburse those amounts to drivers, in violation of Labor Code §2802.

11.     Plaintiff did his initial driver training and orientation with Defendants in, and was not paid for this training. Plaintiff thereafter began driving for Defendant, and was paid on a per-mile basis. Plaintiff left Defendant's employ in or about June 2019. Plaintiff was thereafter sent collection notices for charges for Defendants' training and/or orientation, and Defendants have failed to reimburse Plaintiff for these training costs.

12.     Plaintiff and class members were required to perform non-driving and/or non-productive duties, including but not limited to, truck and trailer inspections, waiting time, and other on-duty time.

13.     Pursuant to 29 C.F.R §785.22(a), Plaintiff and similarly situated drivers are on duty and must paid for all non-driving time when on the road for over 24 hours. Plaintiff and class members drove for Defendant and were on the road for over 24 hours. Defendants failed to compensate Plaintiff at minimum wages for non-driving and/or non-productive time.

14.     Defendant paid on a piece rate basis, and failed to separately compensate Plaintiff and class members for rest breaks under California law. At all times during the liability period, Plaintiff and Defendants' drivers were assigned to and required to work shifts lasting over than three and one half hours (3½), but were not separately compensated for a ten (10) minute, uninterrupted rest break during each such shift. Defendant further failed to schedule timely lawful rest breaks, or relieve Plaintiff and class members of all duties to take rest breaks.

15.     At all times during the liability period, Plaintiff and the Class members were assigned to and required to work for periods lasting in excess of five (5) hours and were not scheduled to take a thirty (30) minute, uninterrupted, off-duty meal breaks within five hours of

- 4 -

**COMPLAINT**

1   starting working. Defendants as a matter of policy did not schedule meal breaks, and did not

2   relieve Plaintiff and other class members of duties to take meal breaks. Plaintiff and class

3   members were on duty while hauling a load for Defendants, and did not receive the required

4   timely and duty-free meal breaks.

5          16.    During the period he was drove for Defendant, including in June 2019, Plaintiff

6   was denied lawful meal and rest breaks, was not relieved of all duties to take timely breaks, and

7   was not separately compensated for such breaks, and.

8          17.    At all times during the liability period, Defendants failed to pay their drivers for all

9   hours worked. Defendant failed to compensate Plaintiff and other drivers for training and/or

10  orientation time, non-driving time, including but not limited to, pre and post trip inspections,

11  waiting time, driving without a load, on duty time while on the road for over 24 hours, and other

12  on duty time.

13         18.    At all times during the liability period, Defendant failed to reimburse Plaintiff and

14  other drivers for the business expenses, including but not limited to, training costs, in violation of

15  California Labor Code section 2802.

16         19.    When Plaintiff and other drivers left Defendant's employ, Defendant failed to pay

17  all wages due at separation, as set forth herein. Defendants also regularly issued inaccurate wage

18  statement to Plaintiff and the other drivers.

19         20.    Defendants' conduct, as alleged herein, has caused Plaintiff and Class members

20  damages including, but not limited to, loss of wages and compensation. Defendants have failed to

21  pay minimum wages, failed to pay all wages owed each pay period, failed to provide timely and

22  accurate wage statements, failed to pay all wages owed upon termination, and engaged in unfair

23  competition.

24         21.    Plaintiff is a member of and seeks to be the representative for the similarly situated

25  drivers who all have been exposed to, have suffered, and/or were permitted to work under,

26  Defendants' unlawful employment practices as alleged herein.

27

28

1        **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

2        22.     Plaintiff brings this action on behalf of himself, and on behalf of all others

3    similarly situated, and as a member of the Class defined as follows:

4              **Driver Class**:  All current or former drivers employed by Defendants

5              residing in California at any time beginning four (4) years prior to the

6              filing of the Complaint through the date notice is mailed to the Class.

7              **Trainee Driver Class**:  All current or former trainee drivers for

8              Defendants residing in California at any time beginning four (4) years

9              prior to the filing of the Complaint through the date notice is mailed to the

10             Class.

11       23.     This action has been brought and may be properly maintained as a class action

12   pursuant to the provisions of California's class action statute, and other applicable law.

13       24.     **Numerosity of the Class:**  Members of the Class so numerous, and plaintiff is s

14   informed  believe exceed 200 persons.  The precise number of the Class members and their

15   addresses are known to Plaintiff or will be known to Plaintiff through discovery.  Class members

16   may be notified of the pendency of this action by mail, electronic mail, the Internet, or published

17   notice.

18       25.     **Existence of Predominance of Common Questions of Fact and Law:**  Common

19   questions of law and fact exist as to all members of the Class. These questions predominate over

20   any questions affecting only individual Class members. These common legal and factual

21   questions include:

22         a.   Whether Defendants violated California law by failing to pay Plaintiff and the

23              members of the Class who worked as trainee drivers minimum wage for all hours

24              worked;

25         b.   Whether Defendants failed to provide for and/or properly compensate Plaintiff and

26              the members of the Class for rest breaks as required by California law;

27         c.   Whether Defendants failed to provide for and/or properly compensate Plaintiff and

28              the members of the Class for meal breaks as required by California law;

d. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiff and members of the Class;

e. Whether Defendants violated Labor Code § 2802 by failing to reimburse Plaintiff and Class members for business expenses they incurred.

f. Whether Defendants failed to pay all wages due on separation.

g. Whether Defendants engaged in an unfair business practice in violation of Business & Professions Code §17200, et seq., based on the labor practices and Labor Code violations alleged herein.

h. The nature and extent of class-wide injury and the measure of damages for the injury.

26. **Typicality**: Plaintiff's claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a driver of Defendants, was exposed and subjected to the same unlawful business practices as other drivers employed by Defendants during the liability period. Plaintiff and the members of the classes sustained the same types of damages and losses.

27. **Adequacy:** Plaintiff is an adequate representative of the Class she seeks to represent because his interests do not conflict with the interests of the members of the subclasses Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and his counsel.

28. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device

1   presents far fewer management difficulties, and provides the benefits of single adjudication,

2   economy of scale, and comprehensive supervision by a single court.

3         29.    The Class should also be certified because:

4            a. The prosecution of separate actions by individual members of the Class would

5   create a risk of inconsistent or varying adjudications with respect to individual Class members

6   which would establish incompatible standards of conduct for Defendants;

7            b. The prosecution of separate actions by individual members of the Class would

8   create a risk of adjudication with respect to them, which would, as a practical matter, be

9   dispositive of the interests of the other Class members not parties to the adjudications, or

10   substantially impair or impede their ability to protect their interests; and

11            c. Defendants have acted or refused to act on grounds generally applicable to the

12   Class, and/or the general public, thereby making appropriate final and injunctive relief with

13   respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
**UNLAWFUL FAILURE TO PROVIDE REST PERIODS**
**(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 9-2001, § 12)**
**(By Plaintiff And The California Class Against All Defendants)**

17         30.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth

18   herein.

19         31.    California Labor Code § 226.7(a) provides, "No employer shall require any

20   employee to work during any meal or rest period mandated by an applicable order of the

21   Industrial Welfare Commission."

22         32.    IWC Order No.9-2001(12)(A) provides, in relevant part: "Every employer shall

23   authorize and permit all employees to take rest periods, which insofar as practicable shall be in

24   the middle of each work period.  The authorized rest period time shall be based on the total hours

25   worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof.

26   However, a rest period need not be authorized for employees whose total daily work times is less

27   than three and one-half hours.  Authorized rest period time shall be counted as hours worked for

28   which there shall be no deduction from wages."

33.     IWC Order No. 9-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

34.     As alleged herein, Defendant failed to pay any compensation for the training and orientation period, and when it did start to pay compensation, only paid on a per-mile basis and failed to separately compensate them for rest breaks, in violation of California law.   In addition, Defendants failed to adopt a policy in compliance with California law that relieved Plaintiff and class members from all control and duties during rest breaks.

35.     By their actions, Defendants violated § 12 of IWC Wage Order No. 9-2001 and California Labor Code § 226.7, and are liable to Plaintiff and the Class.

36.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

37.     As a direct and proximate result of Defendants' unlawful action, Plaintiff and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Class period, and are entitled to recovery under Labor Code  § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with timely and/or paid rest periods.

**SECOND CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512 and 226.7; IWC Wage Order No. 9-2001, § 11)**
**(By Plaintiff And The California Class Against All Defendants)**

38.     Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

39.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the

**COMPLAINT**

1    Industrial Welfare Commission."

2       40.     IWC Order No. 9-2001(11)(A) provides, in relevant part: "No employer shall

3    employ any person for a work period of more than five (5) hours without a meal period of not

4    less than 30 minutes, except that when a work period of not more than six (6) hours will

5    complete the day's work the meal period may be waived by mutual consent of the employer and

6    the employee."

7       41.     Section 512(a) of the California Labor Code provides, in relevant part, that: "An

8    employer may not employ an employee for a work period of more than five hours per day

9    without providing the employee with a meal period of not less than 30 minutes, except that if the

10   total work period per day of the employee is no more than six hours, the meal period may be

11   waived by mutual consent of both the employer and employee. An employer may not employ an

12   employee for a work period of more than 10 hours per day without providing the employee with

13   a second meal period of not less than 30 minutes, except that if the total hours worked is no more

14   than 12 hours, the second meal period may be waived by mutual consent of the employer and the

15   employee only if the first meal period was not waived."

16      42.     As alleged herein, Defendant failed to authorize and permit timely meal breaks

17   during the Class period. Plaintiff and members of the Class were routinely required to work

18   without an uninterrupted meal break within five hours of starting work, at the direction of

19   Defendant and/or with Defendant's knowledge and acquiescence.   Defendants failed to adopt a

20   policy in compliance with California law that relieved Plaintiff and class members from all

21   control and duties during meal breaks.  Defendant had no policy that its drivers were required to

22   take meal breaks within the first five hours of work.

23      43.     By its actions, Defendant has violated California Labor Code § 226.7 and § 11 of

24   IWC Wage Order No. 9-2001, and is liable to Plaintiff and the Class.

25      44.     As a result of the unlawful acts of Defendant, Plaintiff and the Class have been

26   deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code §

27   226.7(b) and § 11 of IWC Wage Order No. 9-2001, in the amount of one additional hour of pay

28   at the employee's regular rate of compensation for each work period during each day in which

- 10 -
**COMPLAINT**

Defendant failed to provide its drivers with timely statutory off-duty meal periods.

## THIRD CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY MINIMUM WAGES
### (Violation of Labor Code §§ 1194, 1194.2, 1197;
### Wage Order No. 9-2001, §4)
### (By Plaintiff And The California Class Against All Defendants)

45.   Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

46.   Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

47.   Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

48.   Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

49.   Pursuant to IWC Wage Order No. 9-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

50.   Plaintiff and Class members were required to work for part of the training period at educational facilities and at Defendant's facilities without compensation, in violation of California minimum wage laws.  Thereafter, when Plaintiff and class members began driving, Defendants paid them on a per-mile basis, but did not compensate them for non-driving and/or non-productive time, in violation of California's minimum wage laws.  This includes, but is not

1 | limited to, pre and post trip inspections, waiting time, meetings, trips driving without a load, and

2 | other on duty time.  Plaintiff's piece rate pay failed to compensate Plaintiff and Class members at

3 | the applicable minimum wage for all the hours worked, driving and non-driving.

4 | 51.   At all times relevant during the liability period, under the provisions of Wage

5 | Order No. 9-2001, Plaintiff and each Class member should have received not less than the

6 | minimum wage in a sum according to proof for the time worked, but not compensated.

7 | 52.   For all hours that Plaintiff and the Class members worked, they are entitled to not

8 | less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated

9 | damages in an amount equal to the unpaid minimum wages and interest thereon.  Pursuant to

10 | Labor Code § 1194, Plaintiff and the Class members are also entitled to their attorneys' fees,

11 | costs and interest according to proof.

12 | 53.   At all times relevant during the liability period, Defendants willfully failed and

13 | refused, and continues to willfully fail and refuse, to pay Plaintiff and Class members the

14 | amounts owed.

15 | 54.   Defendants' unlawful conduct alleged herein occurred in the course of

16 | employment of Plaintiff and all other similarly situated drivers, and Defendants has done so

17 | continuously throughout the filing of this complaint.

18 | 55.   As a direct and proximate result of Defendants' violation of Labor Code §§ 510

19 | and 1197, Plaintiff and other Class members have suffered irreparable harm and money damages

20 | entitling them to damages, injunctive relief or restitution.  Plaintiff, on behalf of themselves and

21 | on behalf of the Class, seeks damages and all other relief allowable including all wages due

22 | while working as Defendants' drivers, attorneys' fees, liquidated damages, prejudgment interest,

23 | and as to those employees no longer employed by Defendants, waiting time penalties pursuant to

24 | Labor Code § 200 *et seq.*

25 | 56.   Plaintiff and the Class members are entitled to back pay, pre-judgment interest,

26 | liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiff and the Class

27 | of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

28 |

- 12 -
**COMPLAINT**

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE AT SEPARATION**
**(Violation of Labor Code § 203)**
**(By Plaintiff And The California Class Against All Defendants)**

57.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

58.    California Labor Code §§ 201 and 202  requires Defendants to pay all compensation due and owing to former drivers at or around the time employment is terminated. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

59.    At all times relevant during the liability period, Plaintiff and the other members of the Class were employees of Defendants covered by Labor Code § 203.

60.    Plaintiff and the Class were not paid for their work performed in excess of eight (8) hours per day, nor were they paid for their work time. Defendants willfully failed to pay Plaintiff and other members of the Class who are no longer employed by Defendants for their uncompensated hours, uncompensated overtime, and missed, untimely or on-duty meal and rest periods upon their termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202.  As a result, Defendants is liable to Plaintiff and other members of the Class who are no longer employed by Defendants for waiting time penalties amounting to thirty days wages for Plaintiff and each such Class member pursuant to California Labor Code § 203.

**FIFTH CAUSE OF ACTION**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §§ 226 and 226.3)**
**(By Plaintiff And The California Class Against All Defendants)**

61.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

- 13 -
COMPLAINT

62. California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee..., (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

63. Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

64. Plaintiff is informed, believe and thereon alleges that at all times relevant. Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiff and each Class member with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226 (a), in that the payments owed to Plaintiff and the members of the Class for unpaid minimum wages, and missed and/or unpaid meal and rest periods, were not included in gross wages earned by Plaintiff and the Class.

65. Defendants' failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class

- 14 -
**COMPLAINT**

1  to incur economic damages in that they were not aware that they were owed and not paid

2  compensation for missed rest periods and on-duty meal periods, for hours worked without pay,

3  and for overtime worked without pay. In addition, as set forth in Plaintiffs' third cause of action,

4  Defendants provided inaccurate information regarding hours worked, which masked their

5  underpayment of wages to Plaintiff and the Class.

6      66.    As a result of Defendants' issuance of inaccurate itemized wage statements to

7  Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the

8  members of the Class are each entitled to recover penalties pursuant to § 226(e) of the Labor

9  Code.

10  **SIXTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**(Violation of Labor Code § 2802)**
**(By Plaintiff And The California Class Against All Defendants)**

11

12

13      67.    Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth fully

14  herein.

15      68.    California Labor Code§ 2802 provides "An employer shall indemnify his or her

16  employee for all necessary expenditures or losses incurred by the employee in direct consequence

17  of the discharge of his or her duties, or of his or her obedience to the directions of the employer,

18  even though unlawful, unless the employee, at the time of obeying the directions, believed them

19  to be unlawful."

20      69.    During the applicable statutory period, Plaintiff and the Class members incurred

21  necessary expenditures and losses in direct consequence of their employment duties and/or their

22  obedience to the directions of Defendants.  These business expenses which Plaintiff and class

23  members incurred, which were not reimbursed include, but are not limited to, tuition and

24  associated costs for driver training and/or orientation.  Defendants did not reimburse these

25  expenditures or losses to Plaintiff and the Class members.

26      70.    Defendants has failed to fully reimburse Plaintiff and the members of the Class for

27  necessary business-related expenses and losses.

28

- 15 -
**COMPLAINT**

71.    Plaintiff and the Class members are entitled to recover their unreimbursed expenditures and losses pursuant to Labor Code § 2802.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(Violation of California's Unfair Competition Law**
**Bus. & Prof. Code §§ 17200 *et seq.*)**
**(By Plaintiff And The California Class Against All Defendants)**

72.    Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

73.    Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

74.    Through its actions alleged herein, Defendants has engaged in unfair competition within the meaning of the UCL.  Defendants' conduct, as alleged herein, constitutes unlawful, unfair, or fraudulent business practices under the UCL.

75.    Defendants' unlawful conduct under the UCL includes, but is not limited to, violating Labor Code §§ 201, 202, 203, 226(a), 226.7, 512, 1194, 2802, California Wage Order No. 9-2001, 29 U.S.C. §§ 201, *et seq.*, 29 C.F.R §785.22(a), and the other statutes and regulations alleged herein.  Defendants' unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation they earned through labor provided, and failing to otherwise compensate Class members, as alleged herein.  Defendants' fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

76.    Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendants' conduct.

77.    Plaintiff and the Class seek restitutionary disgorgement from Defendants, and an injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

- 16 -
**COMPLAINT**

1

**PRAYER**

2     WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also

3 on behalf of the general public, pray for judgment and/or orders against Defendants as follows:

4     A.  An order that this action may proceed and be maintained as a class ss;

5     B.  For all unpaid minimum wages and liquidated damages due to Plaintiff and each

6         Class member;

7     C.  For one hour of wages at Plaintiff and each Class members' regular rate of

8         compensation each rest break violation pursuant to Labor Code §226.7(c);

9     D.  For one hour of wages at Plaintiff and each Class members' regular rate of

10        compensation each meal break violation pursuant to Labor Code §226.7(c)

11    E.  For continuation wages under Labor Code § 203 for Plaintiff and Class members;

12    F.  For statutory penalties under Labor Code § 226(e) for Plaintiff and Class members;

13    G.  An order requiring Defendants to comply with Labor Code § 226(a) with respect to

14        all currently employed members of the Class;

15    H.  For reimbursement of business expenses under Labor Code § 2802 to Plaintiff and

16        the Class;

17    I.  For restitutionary disgorgement pursuant to the UCL to Plaintiff and the Class;

18    J.  An order enjoining Defendants from further unfair and unlawful business practices

19        in violation of Business & Professions Code §§ 17200 *et seq.*;

20    K.  Prejudgment interest at the maximum legal rate;

21    L.  Reasonable attorneys' fees;

22    M.  Accounting of Defendants' records for the liability period;

23    N.  General, special and consequential damages, to the extent allowed by law;

24    O.  Costs of suit; and

25 ///

26 ///

27 ///

28 ///

1    P.  Such other relief as the Court may deem just and proper.

2

3    DATED:  July 15, 2019                    **HAFFNER LAW PC**

4                                   By:    _____

5                                          Joshua H. Haffner
                                           Graham Lambert
6                                          Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -
**COMPLAINT**

1

**DEMAND FOR JURY TRIAL**

2       Plaintiff demands a trial by jury for himself and the Class members on all claims so

3  triable.

4

5  DATED:  July 15, 2019                    **HAFFNER LAW PC**

6                              By:    _____

7                                     Joshua H. Haffner
                                      Graham Lambert
8                                     Attorneys for Plaintiff and others
                                      Similarly situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**